# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

In re subpoena to Detective Jason LaFreniere, related to: *Acevedo, et al., v. eXp Realty, LLC, et al.*, Case No. 2:23-cv-01304

Case No. 2:25-cv-02155-CDS-EJY

**Order Granting Unopposed Motion to Transfer Venue**

[ECF No. 6]

Plaintiffs in *Acevedo, et al., v. eXp Realty, LLC, et al.*, Case No. 2:23-cv-01304-AB-AGR, filed a motion to transfer this action to the Central District of California. Mot., ECF No. 6. Interested parties Las Vegas Metropolitan Police Department and Detective Jason LaFreniere do not object to the transfer. Resp., ECF No. 10. Nor does defendant Michael Bjorkman. Non-opp'n, ECF No. 12. Because the parties consent to the transfer, I grant the motion.[1]

I.   Discussion

The underlying litigation related to LaFreniere's subpoena, *Acevedo, et al., v. eXp Realty, LLC, et al.*, is ongoing in the Central District of California. Related to that case, the plaintiffs issued a subpoena duces tecum and commenced the deposition of LaFreniere.[2] ECF No. 1 at 3–4. In compliance with the subpoena, LaFreniere produced a complete copy of the investigative file. ECF No. 6 at 2. The plaintiffs assert that defendants' counsel "interrupted [LaFreniere's] deposition, objected to production of the investigative file, and issued veiled threats of criminal prosecution should the file be produced." *Id.* Plaintiffs then filed a motion to compel compliance with the subpoena in the District of Nevada. *Id.*; *see also* ECF No. 1. They now seek to transfer the

---

[1] Because I grant the motion to transfer, I do not address the pending motion to compel testimony and production of documents by Detective LaFreniere. ECF No. 1.

[2] The court notes that although the plaintiffs' motion cites exhibits "attached to this Declaration," no such exhibits are attached. *See generally* ECF No. 1.

motion to compel to the Central District of California because it is directly related to discovery in the underlying action. ECF No. 6 at 2.

"When the court where compliance [with a subpoena] is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Here, LaFreniere, who is the third-party witness subject to the subpoena, consents to this transfer. *See* ECF No. 10. Rule 45(f) presents no bar to transfer the motion to compel back to the subpoena-issuing court; and LaFreniere's consent to transfer provides sufficient grounds to grant the motion to transfer. *See Mirza, v. Yelp, Inc.*, 2021 WL 2939922, at *3 (N.D. Cal. July 13, 2021) (under Rule 45(f), consent alone is sufficient to order the transfer).

## II.     Conclusion

IT IS HEREBY ORDERED that the motion to transfer or change venue **[ECF No. 6] is GRANTED**.

The Clerk of Court is kindly instructed to transfer this case, as it relates to *Acevedo, et al., v. eXp Realty, LLC, et al.*, Case No. 2:23-cv-01304-AB-AGR, to the United States District Court for the Central District of California for all further proceedings and, after transfer, to close this case.

Dated: November 21, 2025

_____
Cristina D. Silva
United States District Judge